[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant-tenant has interposed two special defenses to the plaintiff-landlord's summary process complaint.
The first special defense raised the issue of jurisdiction but no evidence was presented to support it and it was neither argued nor briefed. Consequently, the court finds the defendant has failed to prove his first special defense.
In his second special defense, the defendant alleges "a legal and equitable interest in the subject property by way of a purchase agreement with the plaintiff. . ."
Since there is no written memorandum of purchase and sale, the defendant must show that his course of dealings with plaintiff was such as to take the matter out of the requirement of the Statute of Frauds, 52-550 of the Connecticut General Statutes.
The court finds that the defendant's testimony on this issue is not worthy of belief. This defendant described making cash payments of substantial amounts without offering any receipt from the plaintiff, the alleged recipient. For example, a $19,000 payment was allegedly made in cash in June of 1986. The defendant produced no receipt but did offer the testimony of a friend who claimed he counted out the $19,000 and gave it back to the defendant and "assumed he gave the money to Wright", the plaintiff. The defendant also testified that his mother paid "around" $15,000 to the plaintiff directly on his account. His mother did not testify and no receipts were produced.
Similarly, the evidence does not support the defendant's claims he made improvements to the property. This was part of his claim that equitably the plaintiff should be estopped from profiting at the expense of the defendant and from denying the existence of an agreement to sell.
Judgment may enter for the plaintiff to recover possession of the premises. CT Page 103
ANTHONY V. DeMAYO, J.